UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DALLIS COOMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-CV-220 RWS |
| | ) |
| VERLAN GRAHAM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The Court has reviewed the complaint, and the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

### 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff names Verlan Graham, the arresting officer in his DWI case, as the sole defendant in this action. Plaintiff alleges that Graham falsified statements in his arrest report. Specifically, plaintiff claims that Graham lied in the report when he stated that three separate witnesses told him that plaintiff was drinking on the day he was arrested. Plaintiff states that these three witnesses have since written new statements contradicting what Graham stated in his arrest report.[1]

Plaintiff does not claim that the arrest report and/or the witness statements were themselves used as **probable cause to arrest plaintiff**.[2] Rather, plaintiff claims that the "false police report" denied him due process of law and resulted in him missing time with his family. However, plaintiff does not explain how he came to this conclusion in his complaint. Plaintiff seeks over $50,000 to compensate him for the alleged wrongdoing.

## Discussion

The Court reviewed the criminal complaint and the probable cause statement underlying plaintiff's state court criminal action on Missouri.Case.Net. and found that none of the

---

[1] Plaintiff states that the arrest report written by Graham states, ". . .when we arrived at the Sheriff's Office [after plaintiff's arrest], Cynthia Ladd, Joshua and Tasha Williams. . .I spoke to all three in the lobby after processing Mr. Coomer, and they all advised that he had been drinking all day. All three agreed to give me hand-written statements to that fact.. . ." In plaintiff's pending motion to vacate his sentence, brought pursuant to Missouri Supreme Court Rule 24.035, plaintiff's attorney claims that his trial counsel was ineffective for failing to interview and depose key witnesses such as Daryl Myers and Sheila Kittrell who could have testified to his state of mind immediately prior to getting pulled over by Officer Graham, however, counsel does not mention in the motion to vacate any allegedly conflicting statements by Cynthia Ladd or by Joshua and Tasha Williams. *See Coomer v. State*, No. 17CG-CC00263 (32nd Judicial Circuit, Cape Girardeau County Court).

[2] The plain language of the "arrest report" written by defendant Graham indicates that it was written after plaintiff was arrested and he was taken to the Sheriff's Office. As noted above, it states, **". . .when we arrived at the Sheriff's Office. . ."** and **"I spoke to all three after processing Mr. Coomer. . ."** (emphasis added).

information relating to the aforementioned witness statements was included in the criminal complaint or the probable cause statement bolstering the complaint. *See State v. Coomer*, No. 16CG-CR00452-01 (32nd Judicial Circuit, Cape Girardeau County Court). Thus, his arrest could not have been in violation of "due process" or in violation of the Fourth Amendment due to "false statements" in the arrest report. In fact, plaintiff's own version of the purported "arrest report," make it plain that the arrest report was written after plaintiff was already arrested.

The probable cause statement attached to the criminal complaint states in full exactly what Officer Graham believed supported plaintiff's arrest. It states as follows:

> I, Officer Graham, knowing that false statements on this form are punishable by law, state that the facts contained are true.
>
> 1. I have probable cause to believe that, Dallis Fay Coomer, committed [ ] or more criminal offenses: Driving While Intoxicated (Aggravated Offender), and Fail to Drive Right-Half of Roadway.
>
> 2. The facts supporting this belief are as follows:
>
> On Saturday, March 12, 2016 at approximately 6:51 PM, I, Officer Graham, was stationary on Pacific Street, facing State Street in Cape Girardeau County. I observed a white Chevrolet pickup truck that appeared to be traveling slowly as it was heading northbound on E. State Street. The vehicle was traveling in the middle of the road. I pulled in behind the vehicle and activated my emergency equipment. The driver of the truck pulled into the parking lot between Jax Bar and the Delta Fire Station.
>
> As I was running the license plate a male subject, who I recognized to be Dallis Coomer, got out of the truck and started walking in a staggering manner towards me. I met Mr. Coomer at the back-end of his truck. I observed a soiled area on the front of his pants that appeared to be urine, and his pants zipper was also undone. I noticed his eyes were bloodshot and watery. Mr. Coomer had a strong odor of an intoxicating beverage coming from his person.
>
> After I explained to Mr. Coomer why I had stopped him, he stated he was going to get some food, and told me if I let him go, he would "go home and stay."

> I attempted to do the Horizontal Gaze Nystagmis test, but was unable to due to Mr. Coomer moving his head. Mr. Coomer could not hold his head straight, and could not follow my finger without moving his head.
>
> I did not attempt to perform any other field sobriety test at the scene because we were in a gravel parking lot. I ask[ ] Mr. Coomer if he would give me a sample of his breath on my PBT (Portable Breathalizer. Mr. Coomer refused.
>
> I then placed Dallis Coomer under arrest, placed him in my patrol car, and transported him to Cape Girardeau Count Sheriff. When we arrived at the Sheriff's Office, I ask[ ] Mr. Coomer if he would do some field sobriety test, since we were on a smooth surface. Mr. Coomer said "no, I'm not doing anything."
>
> I read Dallis Coomer the Miranda Warning, and ask[ ] if he understood what I had read. Mr. Coomer said "yes." The Missouri Implied Consent was also read to Mr. Coomer, who then refused all chemical testing requested. A search warrant was obtained, and Mr. Coomer was transported to St. Francis Hospital for a blood draw. He was transported back to the Sheriff's Office after two vials of blood were obtained.

As noted in the aforementioned probable case statement filed in plaintiff's underlying criminal action, there was nothing mentioned in his criminal case referring to the alleged witness statements. Thus, it cannot be said that plaintiff was denied due process to the extent witnesses in his case contradicted statements that were made by Officer Graham in an arrest report made after plaintiff was arrested.

Moreover, plaintiff's guilty plea to the charge of DWI on April 24, 2017, fully bars his assertion in this case that his arrest was in violation of the Constitution. *See Anderson v. Franklin County, Mo.,* 192 F.3d 1125, 1131 (8th Cir. 1999) (section 1983 claims of false arrest and false imprisonment should be dismissed as barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon relief can be granted or as frivolous.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this Memorandum and Order would not be taken in good faith.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of April, 2018.

                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE